IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAURA MARIE SHADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-546-R |
| | ) |
| KILOLO KIJAKAZI[1], *Acting Commissioner of the Social Security Administration*, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is the Motion for Attorney Fees under 42 U.S.C. § 406(b) filed by Plaintiff's attorney, Gayle L. Troutman. Doc. No. 34. By this motion, Plaintiff's counsel seeks an Order approving an award of $6,180.00 for legal work performed before this Court. Defendant filed a response, although she has no stake in the outcome of this motion and expressed no opinion regarding the propriety of the requested fee award. Having considered counsel's request, the Court finds as follows.

On March 5, 2000, the Court granted an Unopposed Motion to Remand filed by the Commissioner and entered judgment in favor of Plaintiff. (Doc. Nos. 23 and 24). Upon remand the Commissioner concluded that Plaintiff was disabled and therefore entitled to an award of past due benefits totaling $28,808.00. The Commissioner held back twenty-five percent of that amount for attorneys' fees. As noted, Counsel now seeks fees of

---

[1] On July 9, 2021, Kilolo Kijakazi was named acting Commissioner, replacing Commissioner Andrew Saul. Accordingly, pursuant to Rule 25(d), Kilolo Kijakazi is hereby substituted as Defendant herein.

$6,180.00, which is less than the amount held back by the Commissioner. The request and amount are in accordance with the attorney fee agreement executed by Plaintiff and her counsel. (Doc. No. 34, Ex. 1).

Counsel's request for fees is governed by 42 U.S.C. § 406(b)(1)(A), which states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

Where, as here, a fee agreement is in place, the Court must examine the reasonableness of its terms and reduce an award as appropriate "based on the character of the representation and the results the representative achieved." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

In support of the motion, counsel attached a time report demonstrating that 22 hours of attorney time and 3.90 hours of paralegal time were expended performing work before this Court prior to remand. After considering the extent of work performed, the result obtained, and the fee award sought, the Court finds the amount to be a reasonable fee for the work performed. The benefits awarded to Plaintiff justify the amount of time spent by the firm handling the case and the evidence before the Court offers nothing to suggest that the character of the representation or the results achieved were in any way deficient. Because Plaintiff's counsel previously sought and received a $4,978.00 fee award pursuant to EAJA, counsel must refund that award to Plaintiff if it was indeed received by counsel.

As set forth above, the Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 34) is GRANTED. Plaintiff's counsel is awarded a fee in the amount of $6,180.00.

The check should be made payable to Steve A. Troutman. Because the Court previously awarded fees under the EAJA, Plaintiff is entitled to a refund of the smaller EAJA award, which counsel shall forward immediately upon receipt of the fees awarded herein provided that Plaintiff previously paid.[2] An amended judgment shall be entered accordingly.

    **IT IS SO ORDERED** this 20th day of July 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] In the event the Commissioner no longer retains funds sufficient to pay counsel the amount awarded herein, counsel may reduce the refund to account for the difference. The Employment Contract-Federal Court Work executed by Plaintiff and counsel states, "Claimant expressly authorizes Attorney to apply the EAJA payment described herein toward any unpaid balance of the fee awarded by the Court." Doc. 34-1, p. 1. The Commissioner does not object to Plaintiff's counsel's agreement with Plaintiff that EAJA funds may be used to offset the § 406(b) award.